**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez**

Criminal Case No. 17-cr-137-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

4.     LOUIS RODRIGUEZ,

     Defendant.

---

## ORDER DENYING RELEASE ON BOND PENDING TRIAL

---

On May 17, 2017, Defendant Louis Rodriguez was arraigned by United States Magistrate Judge Nina Y. Wang on the charges brought against him in the Indictment. (ECF Nos. 1, 35.) Subsequently, on May 23, 2017, a detention hearing was held before United States Magistrate Judge Kristen L. Mix. (ECF No. 40.) At the detention hearing, Defendant's counsel requested bond, which the Government opposed. (*Id.*) Magistrate Judge Mix found by a preponderance of the evidence that no condition or combination of conditions could reasonably assure the appearance of Defendant at future hearings, and by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. (ECF No. 41.) Therefore, Defendant was ordered detained. (*Id.*)

On September 11, 2017, Defendant filed a Motion for *De Novo* Review of Detention Order and Request for Hearing ("Motion"). (ECF No. 63.) Defendant states that "[t]here are certain portions of the detention order with which [Defendant]

disagrees, including the concerns regarding child support, his family relationships, and his work history." (*Id.* ¶ 2.) Defendant further states that he has been offered full-time employment with a cloud based computing company located in Denver, Colorado. (*Id.* ¶ 3.) Defendant requests the opportunity to "present [such] evidence at a hearing on this motion." (*Id.* ¶ 14.)

## I.  LEGAL STANDARD

A district court reviews *de novo* a magistrate judge's detention order. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003); 18 U.S.C. § 3145(b). A district judge reviewing a magistrate judge's detention order may consider the evidence presented during the original detention hearing and may permit the parties to submit new evidence. *Cisneros*, 327 F.3d at 617. Although the Court's review is *de novo*, an evidentiary hearing is not required. *See United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

## II.  GENERAL LAW RELEVANT TO PRETRIAL DETENTION

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *id.* § 3142(b), (c). A judicial officer may make such a finding only after holding a hearing according to the procedures specified in § 3142(f), and the government ordinarily bears the burden of proof at that hearing. The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and

convincing evidence. *See* 18 U.S.C. § 3142(f).

"[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). If, after consideration of the above factors, a judicial officer orders that a defendant be detained, the order must "include written findings of fact and a written statement of the reasons for the detention." *Id.* § 3142(i)(1); *see also* Fed. R. App. P. 9(a)(1) ("The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal

case.").

The analysis is slightly different for a defendant charged with particular offenses, such as a drug offense in which the maximum term of imprisonment is ten years or more. *See* 18 U.S.C. § 3142(e)(3). In such cases, if the Court finds probable cause to believe that the defendant committed the offense, then there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id*.

### III. APPLICATION

After considering the full record before her and hearing argument from counsel, Judge Mix found that there was no condition or combination of conditions of release that would reasonably assure the appearance of the Defendant and assure the safety of the community. (ECF No. 41 at 1.) Specifically, Judge Mix found that Defendant repeatedly made inconsistent statements to the Pretrial Services officer, that Defendant has used at least six alias names and two alias Social Security numbers, has had multiple instances of criminal activity while under supervision, has failed to appear in Court on at least twenty-seven occasions, and has had probation revoked four times. (*Id*. at 3.)

Reviewing these issues *de novo*, the Court notes that Defendant is charged with participating in a conspiracy to distribute and possess with intent to distribute 28 grams or more of a mixture or substance containing cocaine base (crack cocaine), and 500 grams or more of a mixture or substance containing a detectable amount of cocaine. (ECF No. 1 at 1–2.) Defendant is also charged with two counts of distribution and possession with the intent to distribute a mixture and substance containing a detectable

4

amount of cocaine.  (*Id.* at 6–7.)  The penalty for the conspiracy charge is a minimum of

five years imprisonment, and a maximum of forty years.  (ECF No. 1-4.)  The penalty for

the distribution and possession charges is a maximum of twenty years.  (*Id*.)  In

returning the Indictment against the Defendant, the Grand Jury found that there was

probable cause to believe Defendant committed these offenses.  Because the

conspiracy charge has a maximum penalty of ten years or more, the Court finds that

the rebuttable presumption of detention applies here.  *See* 18 U.S.C. § 3142(e)(3).

In the instant Motion, Defendant "disagrees" with some of Judge Mix's findings

regarding his employment history, family relationships, and child support obligations.

(ECF No. 63 ¶ 2.)  However, to support his argument, Defendant only mentions that he

has been offered full-time employment with a Denver based start-up.  (*Id*. ¶ 3; *see also*

ECF No. 63-1.)

The Court has reviewed *de novo* the Pretrial Services Report and all written

pleadings filed by counsel related to detention.  (ECF Nos. 63, 66, 65.)  The Court finds

that other than his assertion that he has been offered full time employment, Defendant

has presented no new evidence relevant to the factors set forth in 18 U.S.C. § 3142(g).

That is, other than the offer of employment, the instant Motion contains no details as to

any alleged changed circumstances since Defendant was ordered detained in May

2017.  In the Court's view the offer of employment does not ameliorate the Court's

concerns regarding his risk of flight, and specifically the Court finds that this job offer is

insufficient to overcome his history of failure to appear and noncompliance with prior

court orders.  (*See* ECF No. 65 (detailing prior criminal history, including twenty-seven

instances of failure to appear).)

Further, bare allegations of additional evidence relevant to detention, such as "concerns regarding child support [and Defendants] family relationships" (ECF No. 63 ¶ 2), are insufficient to warrant a hearing on the Motion. On the current record, the Court agrees with Judge Mix's findings made at the hearing, and adopts the reasoning set forth by Judge Mix in her May 23, 2017 Order of Detention. (ECF No. 41.) The Court therefore orders that the Defendant continue to be detained under the same conditions set by Judge Mix in the Order of Detention. (*Id.*)

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Louis Rodriguez's Motion for *De Novo* Review of Detention Order and Request for Hearing is GRANTED IN PART and DENIED IN PART;

2. The Motion is GRANTED to the extent it asks the Court to review *de novo* whether Defendant should be detained pretrial but DENIED to the extent it seeks a hearing on the Motion and pretrial release on bond; and

3. Defendant Louis Rodriguez shall continue to be DETAINED pursuant to the conditions set forth in Magistrate Judge Mix's May 23, 2017 Order of Detention (ECF No. 41).

Dated this 19th day of September, 2017.

BY THE COURT:

William J. Martínez
United States District Judge